107 F.3d 11
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Daniel T. DELANEY, Plaintiff-Appellant,
v.
David TROUTMAN, et al., Defendants-Appellees.
 No. 96-3309.
 United States Court of Appeals, Sixth Circuit.
 Feb. 11, 1997.
 
 1
 Before: SILER and BATCHELDER, Circuit Judges; HULL, District Judge.*
 
 ORDER
 
 2
 Daniel T. Delaney, proceeding pro se, appeals a district court judgment dismissing his civil rights case filed pursuant to 42 U.S.C. §§ 1981 and 1983. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 Seeking monetary and equitable relief, Delaney sued four county prison officials in their individual and official capacities. Relying on the First, Fourth, Fifth and Fourteenth Amendments, as well as Article I, § 8, clause 7 of the United States Constitution, Delaney asserted that the defendants retaliated against him because of his race by conspiring to confiscate a letter he sent to his cousin at the jail. The magistrate judge recommended dismissing the case pursuant to Fed.R.Civ.P. 12(b)(6), and Delaney filed timely objections. The district court rejected the magistrate judge's recommendation and held that Delaney had stated a First Amendment claim and a Fourteenth Amendment equal protection claim under § 1983, but had not stated a claim under the Fourth or Fifth Amendments, Article I, or § 1981. The district court, however, ultimately granted summary judgment to the defendants on the surviving claims.
 
 
 4
 In his timely appeal, Delaney reasserts his First Amendment claim that the defendants intentionally interfered with his mail.
 
 
 5
 Delaney does not raise his Fourteenth Amendment equal protection claim, his Fourth or Fifth Amendment claims, his Article I claim, or any claim under § 1981 on appeal. Issues raised in the district court, but not on appeal, are considered abandoned and are not reviewable. Boyd v. Ford Motor Co., 948 F.2d 283, 284 (6th Cir.1991), cert. denied, 503 U.S. 939 (1992). Thus, these issues will not be reviewed.
 
 
 6
 Upon review, we conclude that the district court properly granted summary judgment in favor of the defendants. Fed.R.Civ.P. 56(c); accord Harrow Prods., Inc. v. Liberty Mut. Ins. Co., 64 F.3d 1015, 1019 (6th Cir.1995). Although Delaney has a right to send mail to a prisoner, Procunier v. Martinez, 416 U.S. 396, 416 (1974), overruled on other grounds, Thornburgh v. Abbott, 490 U.S. 401, 407-08 (1989), he has failed to show that the defendants intentionally interfered with this right. See Lavado v. Keohane, 992 F.2d 601, 609-610 (6th Cir.1993); Parrish v. Johnson, 800 F.2d 600, 604 (6th Cir.1986). Furthermore, he has not provided any evidence of a conspiracy or any pattern of interference with the mail.
 
 
 7
 Accordingly, the district court's judgment is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Thomas G. Hull, United States District Judge for the Eastern District of Tennessee, sitting by designation